UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WENDY W. LIVINGSTON, pro se<br>ET AL,<br>Plaintiffs<br><br>v.<br><br>DONN J. FRAGEAU,<br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMAND<br><br>CA 06 367ML |

# COMPLAINT

## Preliminary Statement

1. This is an action by plaintiffs Wendy W. Livingston and Eugenia M. Carris arising out of injuries they suffered on August 25, 2003 when, as pedestrians, they were struck by a pick-up truck owned and driven by defendant Donn J. Frageau on Block Island, in the town of New Shoreham, Rhode Island (the "accident"). Plaintiff Bayard U. Livingston suffered loss of consortium as a result of the injuries sustained by his wife in this accident.

## Parties

2. Plaintiff Wendy W. Livingston ("Wendy") is an individual residing in Norwell, Massachusetts.

3. Plaintiff Bayard U. Livingston ("Bayard") is an individual residing in Norwell, Massachusetts and is the husband of Wendy.

4. Plaintiff Eugenia M. Carris ("Eugenia") is an individual residing in Wellesley, Massachusetts.

5. Defendant Donn J. Frageau is an individual residing in the State of Rhode Island, whose address, upon information and belief is 1303 Old Mill Road, P.O. Box 549, New Shoreham, Block Island, Rhode Island.

## Venue and Jurisdiction

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) in that it is the district in which defendant resides and in which plaintiffs' claims arose.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that plaintiffs and defendant have diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## Facts

8. On August 25, 2003, plaintiffs Wendy and Eugenia were lawfully on the premises of the Block Island Transfer Station (Transfer Station) recycling and disposing of trash.

9. Said plaintiffs were at all relevant times in the exercise of due care for their own safety.

10. At that time, defendant was in his pick-up truck upon the premises of the Transfer Station.

11. The bed of defendant's truck was loaded with barrels.

12. As a result of the barrels, defendant's view was obstructed.

13. At approximately 11:55 a.m., defendant backed up his pick-up truck crossing the Transfer Station from the weigh station to the payment booth.

14. On the aforesaid time and date, plaintiffs Wendy and Eugenia were walking in the open space between the recycling area to the trash area.

15. Defendant backed his truck into said plaintiffs knocking both to the ground.

16. At all times material hereto, plaintiff Eugenia was pregnant.

17. As a direct and proximate result of defendant's negligence, plaintiff Wendy suffered and continues to suffer injuries. She had to be transported by air for emergency brain surgery at Rhode Island Hospital. She also suffered a prolonged period of total disability and continues to suffer partial disability, which is permanent, as a result of this accident.

18. As a direct and proximate result of defendant's negligence, plaintiff Eugenia suffered an injury to her lower back and hips and continues to date to suffer pain due to the accident.

19. Plaintiffs suffered emotional distress, which continues to this day, as a result of the accident.

**COUNT ONE**
**(Negligence)**

20. Plaintiffs repeat and incorporate herein by reference the allegations in Paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant had a duty to operate his truck in a prudent manner and with due and reasonable care for the safety of others.

22. Defendant breached this duty and was negligent in his operation of his truck.

23. As a direct and proximate result of defendant's negligence, plaintiff Wendy suffered severe and permanent personal injuries, suffered great body pain and anguish of mind, and incurred great expense for medical care and treatment.

**COUNT TWO**
**(Negligence)**

24. Plaintiffs repeat and incorporate herein by reference the allegations in Paragraphs 1 through 23 above as if fully set forth herein.

25. Defendant had a duty to operate his truck in a prudent manner and with due and reasonable care for the safety of others.

26. Defendant breached this duty and was negligent in his operation of his truck.

27. As a direct and proximate result of defendant's negligence, plaintiff Eugenia suffered severe and permanent personal injuries, suffered great body pain and anguish of mind, suffered lost time from her usual employ, and incurred great expense for medical care and treatment.

**COUNT THREE**
**(Loss of Consortium)**

28. Plaintiffs repeat and incorporate herein by reference the allegations in Paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiff Bayard is the spouse of plaintiff Wendy and is the person by law entitled to the care, comfort, services and consortium of the plaintiff Wendy.

30. As a result of defendant's negligence, plaintiff Bayard was caused to suffer loss of care, comfort, services and consortium provided by his wife.

WHEREFORE, plaintiffs request that this Court:

1. Enter a judgment against defendant and award plaintiffs their actual damages, together with interest and costs, suffered as a result of defendant's conduct; and,

2. Enter such other and further orders and grant such other relief as it deems just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL APPLICABLE CLAIMS.**

Respectfully submitted,

WENDY W. LIVINGSTON, pro se,

Wendy W. Livingston
44 Upper Ferry Lane, P.O. Box 769
Norwell, MA 02061
781-659-7088

EUGENIA M. CARRIS, pro se,

Eugenia M. Carris
25 Grantland Road
Wellesley, MA 02481
781-237-6867

BAYARD U. LIVINGSTON, pro se,

Bayard U. Livingston
44 Upper Ferry Lane, P.O. Box 769
Norwell, MA 02061
781-659-7088

Dated: August 10th, 2006