UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WENDY W. LIVINGSTON, :
BAYARD U. LIVINGSTON, and :
EUGENIA M. CARRIS :

VS. :

DONN J. FRAGEAU : C.A. 06-367ML

VS.

BLOCK ISLAND RECYCLING :
MANAGEMENT, INC. AND THE TOWN :
OF NEW SHOREHAM, by and through :
AMY LEWIS, in her capacity as :
Treasurer of the TOWN OF NEW :
SHOREHAM :

**DEFENDANT'S, DONN J. FRAGEAU, ANSWER TO THE PLAINTIFFS' COMPLAINT AND THIRD-PARTY COMPLAINT**

**FIRST DEFENSE**

1. Denies for lack of knowledge and information sufficient to form a belief as to the allegations contained in Paragraphs 2, 3, and 4 of the Complaint under the heading "Parties"; Paragraphs 6 and 7 of the Complaint under the heading "Venue and Jurisdiction"; Paragraphs 8, 11, 12, 13, 14, 15, and 16 of the Complaint under the heading "Facts"; and Paragraph 29 of Count III of the Complaint.

2. Denies the allegations of Paragraph 1 of the Complaint under the heading "Preliminary Statement"; Paragraphs 9, 17, 18, and 19 of the Complaint under the heading "Facts"; Paragraphs 21, 22 and 23 of Count I of the Complaint; Paragraphs 25, 26 and 27 of Count II of the Complaint; and Paragraph 30 of Count III of the Complaint.

3. Re-alleges and re-avers his answers to Paragraphs 1 through 19 as those paragraphs are incorporated by reference in Paragraph 20 of Count I of the Complaint; re-alleges and re-avers his answers to Paragraphs 1 through 23 as those paragraphs are incorporated by reference in Paragraph 24 of Count II of the Complaint; and re-alleges and re-avers his answers to Paragraphs 1 through 27 as those paragraphs are incorporated by reference in Paragraph 28 of Count III of the Complaint.

4. Admits the allegations of Paragraph 5 of the Complaint under the heading "Parties" and Paragraph 10 of the Complaint under the heading "Facts".

**SECOND DEFENSE**

5. Plaintiffs were contributorily negligent.

**THIRD DEFENSE**

6. Plaintiffs were comparatively negligent.

**FOURTH DEFENSE**

7. Plaintiffs assumed the risk.

**FIFTH DEFENSE**

8. The injuries and damage described in the Complaint were not attributable to any actions and/or conduct of this defendant, and therefore, this defendant is not liable.

**SIXTH DEFENSE**

9. In the event the plaintiffs suffered injury or damages as a result of the allegations contained in the Complaint (which is denied), defendant avers that such injury or

damage was not caused, directly or indirectly, by any act or omission of this defendant, but such injury or damage, if any, was caused by the intervening act(s) or omission(s) of people and/or entities other than this defendant for which act(s) or omission(s) defendant is in no way liable, and therefore, plaintiffs are not entitled to recover.

WHEREFORE, defendant, **DONN J. FRAGEAU,** demands judgment in his favor and for his costs.

Defendant, **DONN J. FRAGEAU**, demands a trial by jury and designates **Richard A. van Tienhoven** as his trial counsel.

Defendant, Donn J. Frageau,
By his attorneys,

/s/ Richard A. van Tienhoven - #2628
van Tienhoven & Cotter, Limited
312 South Main Street
Providence, RI 02903
(401) 454-5350
(401) 454-5170 Fax
ravt.ksc@conversent.net

**THIRD-PARTY COMPLAINT OF DONN J. FRAGEAU AGAINST THIRD-PARTY DEFENDANTS BLOCK ISLAND RECYCLING MANAGEMENT, INC. AND THE TOWN OF NEW SHOREHAM, BY AND THROUGH AMY LEWIS, IN HER CAPACITY AS TREASURER OF THE TOWN OF NEW SHOREHAM**

1. Defendant/third-party plaintiff, Donn J. Frageau, has been sued by the plaintiffs, Wendy W. Livingston, Bayard U. Livingston, and Eugenia M. Carris, alleging he was negligent concerning the operation of his automobile on or about August 25, 2003.

2. Defendant/third-party plaintiff, Donn J. Frageau, has denied and continues to deny the allegations of negligence against him.

3. Third-party defendant, Block Island Recycling Management, Inc., upon information and belief, is a Rhode Island corporation with its principal place of business at 4 West Beach Road on Block Island, Rhode Island.

4. Third-party defendant, Amy Lewis, upon information and belief is the Treasurer for the Town of New Shoreham. This third-party complaint is brought against the Town of New Shoreham by and through Amy Lewis in her capacity as Treasurer of the Town of New Shoreham.

5. Defendant/third-party plaintiff, Donn J. Frageau, has complied with the provisions of R.I.G.L. § 45-15-5.

6. Venue is proper in this court pursuant to 28 U.S.C. §1391(a) in that it is the district in which the defendant/third-party plaintiff resides and in which the plaintiffs' claims arise.

7. Jurisdiction over the third-party defendants is proper in this court pursuant to 28 U.S.C. §1367 in that original jurisdiction exists with the court pursuant to diversity of citizenship and the court has supplemental jurisdiction over the third-party claims since they are so related to the plaintiffs' claims that they form part of the same case or controversy.

8. On or about August 25, 2003, third-party defendant Town of New Shoreham was the owner and/or operator of premises on Block Island used for trash collection and recycling and known as the Block Island Transfer Station.

9. Upon information and belief, on or about August 25, 2003, third-party defendant Block Island Recycling Management, Inc. was the trash recycling company hired by the Town of New Shoreham to operate and manage the premises on Block Island used for trash collection and recycling and known as the Block Island Transfer Station.

10. On or about August 25, 2003, third-party defendants Town of New Shoreham and/or Block Island Recycling Management, Inc., negligently operated, managed and/or supervised the premises known as the Block Island Transfer Station so as to cause the injuries alleged by the plaintiffs, Wendy W. Livingston, Bayard U. Livingston, and Eugenia M. Carris, in their complaint.

11. In the event defendant/third-party plaintiff, Donn J. Frageau, is found liable to the plaintiffs, Wendy W. Livingston, Bayard U. Livingston, and Eugenia M. Carris, which liability is expressly denied, then defendant/third-party plaintiff, Donn J. Frageau, is entitled to contribution and/or indemnification from the third-party defendants Town of New Shoreham and/or Block Island Recycling Management, Inc. for any and all sums which the defendant/third-part plaintiff is liable to pay to the plaintiffs, Wendy W. Livingston, Bayard U. Livingston, and Eugenia M. Carris.

WHEREFORE, defendant/third-party plaintiff**, Donn J. Frageau,** demands judgment against third-party defendants, **Town of New Shoreham and/or Block Island Recycling Management, Inc.**, for contribution and/or indemnification, interest and for his costs.

***Wendy W. Livingston, et al. vs. Donn J. Frageau***
***C.A. NO.: 06-367 M L***

Defendant/third-party plaintiff, **Donn J. Frageau,** demands a trial by jury and designates **Richard A. van Tienhoven** as his trial counsel on the third-party complaint.

Defendant/third party plaintiff,
Donn J. Frageau,
By his attorneys,

/s/ Richard A. van Tienhoven - #2628
van Tienhoven & Cotter, Limited
312 South Main Street
Providence, RI 02903
(401) 454-5350
(401) 454-5170 Fax
ravt.ksc@conversent.net

Dated: November 8, 2006