**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WENDY W. LIVINGSTON, BAYARD U. LIVINGSTON, and EUGENIA M. CARRIS** | : | |
| **vs.** | : | **C.A. NO. 06-367 ML** |
| **DONN J. FRAGEAU** | : | |
| **vs.** | : | |
| **BLOCK ISLAND RECYCLING MANAGEMENT, INC. AND THE TOWN OF NEW SHOREHAM, by and through AMY LEWIS, in her capacity as Treasurer of the TOWN OF NEW SHOREHAM** | : | |

**ANSWER OF THIRD PARTY DEFENDANT, BLOCK ISLAND RECYCLING MANAGEMENT, INC. TO CROSSCLAIM and CROSSCLAIM**

Now comes the Third Party Defendant, Block Island Recycling Management, Inc. ("B.I.R.M."), and hereby responds to the Crossclaim of the Third Party Defendant, Town of New Shoreham ("Town") as follows:

1. Admitted.

2. B.I.R.M. has insufficient knowledge or information to form a belief as to the truth of the allegations set-forth in Paragraph No. 2 of the Crossclaim and therefore denies the same.

3. Denied

**WHEREFORE,** Third-Party Defendant, Block Island Recycling Management, Inc., prays that Third-Party Defendant, Town of New Shoreham's Crossclaim be dismissed, that judgment enter in its favor with costs and that this Court grant any other relief as it deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Town's claims are barred by reason of its own negligence, or failure to act, or failure to perform non-delegable acts as the owner of the premises upon which Plaintiffs allege they were injured, or otherwise and its claims or damages were caused by its negligence or the negligence of Third Parties for whom this defendant is not liable.

**SECOND AFFIRMATIVE DEFENSE**

The Town's claims are barred for failure to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Town's claims are barred for failure to name an indispensable party.

**FOURTH AFFIRMATIVE DEFENSE**

The Town's claims are barred by the Doctrine of Assumption of the Risk.

**FIFTH AFFIRMATIVE DEFENSE**

The Town's claims are barred and/or reduced by the Doctrines of Contributory Negligence and Comparative Negligence.

**SIXTH AFFIRMATIVE DEFENSE**

The Town's action is barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Town's action is barred by the applicable Doctrine of Laches.

## CROSSCLAIM OF THIRD PARTY DEFENDANT, BLOCK ISLAND RECYCLING MANAGEMENT, INC., AGAINST TOWN OF NEW SHOREHAM

1. Defendant/Third Party Plaintiff, Donn J. Frageau (Frageau) has filed a third party complaint against third party defendant, Block Island Recycling Management, Inc. ("B.I.R.M.") and the Town of New Shoreham ("the Town") alleging that B.I.R.M. and the Town are responsible for damages suffered by Plaintiffs' Wendy W. Livingston, Bayard U. Livingston and Eugenia M. Carris on August 25, 2003 at the Block Island Transfer Station.

2. B.I.R.M. denies liability for the alleged incident and damages.

3. Plaintiffs' Wendy W. Livingston, Bayard U. Livingston and Eugenia M. Carris' damages, if any, were in part or in whole, proximately caused by the active negligence of other culpable conduct of the Town of New Shoreham, and were not caused by the passive conduct of B.I.R.M.

4. However, in the event that B.I.R.M. is found liable to Plaintiff, then B.I.R.M. seeks full and/or partial indemnity and/or contribution from Third Party Defendant, Town of New Shoreham.

**WHEREFORE,** Third Party Defendant, Block Island Recycling Management, Inc., prays that judgment enter against Third Party Defendant, Town of New Shoreham for full and/or partial indemnity and/or contribution for all amounts which Block Island Recycling Management, Inc. may be adjudged liable for to the Plaintiffs with costs.

Block Island Recycling
Management, Inc.
By Its Attorneys,

__________________________________

Jon G. Hagopian, Esq. (#4123)
Mark J. Hagopian, Esq. (#3281)
HAGOPIAN & HAGOPIAN
60 South County Commons Way, G5
South Kingstown, RI 02879
(401) 783-9787 (t)
(401) 783-9977 (f)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within document electronically and by regular mail, postage pre-paid on the _______ day of February 2007 to the following:

Richard A. van Tienhoven, Esq.
312 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Mandell, Schwartz & Boisclair
One Park Row
Providence, RI 02903

Melody A. Alger, Esq.
Baluch, Gianfresco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

_____________________________________