**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WENDY W. LIVINGSTON, BAYARD U. LIVINGSTON, and EUGENIA M. CARRIS** | : | |
| **vs.** | : | **C.A. NO. 06-367 ML** |
| **DONN J. FRAGEAU** | : | |
| **vs.** | : | |
| **BLOCK ISLAND RECYCLING MANAGEMENT, INC. AND THE TOWN OF NEW SHOREHAM, by and through AMY LEWIS, in her capacity as Treasurer of the TOWN OF NEW SHOREHAM** | : | |

**RULE 16 CONFERENCE STATEMENT OF BLOCK ISLAND RECYCLING MANAGEMENT, INC.**

Now comes Third Party Defendant, Block Island Recycling Management, Inc. ("B.I.R.M."), and pursuant to LR Cv 16 (c) hereby submits its Statement of Claims and Affirmative Defenses.

The Plaintiffs claim that they suffered personal injuries on August 23, 2003, allegedly as the result of the negligent operation of a motor vehicle by Defendant Frageau ("Frageau"), while on premises owned by the Town of New Shoreham ("the Town"), upon which B.I.R.M. operates a trash recycling center under the direction, planning and control of the Town, pursuant to a written agreement.

Frageau filed a Third-Party Complaint against the Town and B.I.R.M. for contribution and/or indemnification, alleging that the Town and B.I.R.M. negligently operated, managed and/or supervised the premises upon which the trash recycling center is operated, causing or contributing to the Plaintiffs' injuries. B.I.R.M. filed an Answer denying the allegations of negligence against it and asserting various affirmative defenses. In order to prevail on those defenses, B.I.R.M. has the burden of establishing: that Frageau's third party claims are barred by his own negligence or the negligence of others for whom B.I.R.M. is not responsible; that Frageau can prove no set of facts entitling him to relief against B.I.R.M.; that Frageau has failed to name an indispensable party; that Frageau voluntarily and knowingly assumed the risk of his own injury; that Frageau's own conduct negates or reduces the amount of damages Frageau may recover from B.I.R.M.; that Frageau's third party claims are barred by the applicable statute of limitations and/or that he slept on his rights for a period of time exceeding the applicable statute of limitations.

B.I.R.M. has also filed a Counterclaim against Frageau, claiming that he is liable to B.I.R.M. for contribution or indemnification. In order to prevail on its Counterclaim against Frageau, B.I.R.M. has the burden of establishing that Frageau's active negligence, rather than its passive conduct, caused the Plaintiffs' alleged injuries.

In response to the Frageau's Third Party Complaint, the Town filed a Crossclaim against B.I.R.M. for contribution or indemnification. B.I.R.M. filed an Answer denying that it is liable to the Town, also asserting various affirmative defenses against the Town. In order to prevail on those defenses, B.I.R.M. has the burden of establishing: that the Town's

claims are barred by its own negligent failure to perform non-delegable duties as the owner of the land upon which the Plaintiffs were allegedly injured, or the negligence of others for whom B.I.R.M. is not responsible; that the Town can prove no set of facts entitling it to relief against B.I.R.M.; that the Town has failed to name an indispensable party; that the Town voluntarily and knowingly assumed the risk of its own injury; that the Town's own conduct negates or reduces the amount of damages the Town may recover from B.I.R.M.; that the Town's claims are barred by the applicable statute of limitations and/or that it slept on its rights for a period of time exceeding the applicable statute of limitations.

B.I.R.M. has also filed a Counterclaim against the Town, claiming that it is liable to B.I.R.M. for contribution or indemnification. In order to prevail on its Counterclaim against the Town, B.I.R.M. has the burden of establishing that the Town's active negligence, rather than its passive conduct, caused the Plaintiffs' alleged injuries.

Block Island Recycling Management, Inc.
By Its Attorneys,

/s/ Mark J. Hagopian

______________________________

Mark J. Hagopian, Esq. (#3281)
Jon G. Hagopian, Esq. (#4123)
HAGOPIAN & HAGOPIAN
60 South County Commons Way, G5
South Kingstown, RI 02879
(401) 783-9787 (t)
(401) 783-9977 (f)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within document electronically and by regular mail, postage pre-paid on the 29th day of April 2007 to the following:

Richard A. van Tienhoven, Esq.
312 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Mandell, Schwartz & Boisclair
One Park Row
Providence, RI 02903

Melody A. Alger, Esq.
Baluch, Gianfresco, Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

/s/ Mark J. Hagopian